IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3-06-CV-1925-G |
| | ) | (3-01-CR-177-H) |
| PAUL MILLS | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a Federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Upon his plea of not guilty to the offense of conspiracy to manufacture and distribute in excess of 500 grams of methamphetamine as charged in the superseding indictment in 3-01-CR-177-H Mills was tried by a jury which found him guilty. Thereafter he was sentenced to a term of imprisonment followed by a term of supervised release. He appealed his conviction and sentence and on June 16, 2003, the Fifth Circuit affirmed his conviction, but remanded the case to the District Court for resentencing. United States v. Simpson, 334 F.3d 453, 459 (5th Cir. 2003). Mills was thereafter resentenced to a term of 290 months imprisonment followed by a five-year term of supervised release. He again appealed his conviction and on May 26, 2004, the Fifth Circuit affirmed his conviction in an unpublished opinion. United States v. Mills, No. 03-10931, 5th Cir. May 26, 2004. Movant then filed a petition for writ of certiorari in the United States Supreme Court and on January 24, 2005, the Supreme Court granted

the petition and remanded the case to the Fifth Circuit for reconsideration in light of United States v. Booker. On remand the Fifth Circuit again affirmed his conviction in an unpublished opinion delivered on May 16, 2005. Mills again filed a petition in the United States Supreme Court. His petition was denied by the Supreme Court on October 17, 2005, followed by a denial of his petition for rehearing on January 17, 2006.

Thereafter Mills filed his present motion to which the government filed its response in opposition to the motion followed by Movant's reply filed on January 23, 2007.

**Findings and Conclusions**: In his motion Mills claims that the was denied the effective assistance of counsel by his trial attorney and by counsel on appeal. Ineffective assistance of counsel claims are governed by the standard set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To be entitled to relief a habeas movant must establish "cause", i.e. that errors committed by the attorney were "so serious that his counsel was not functioning as the 'counsel' the Sixth Amendment guarantees the defendant" and "prejudice", to wit: "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 697, 104 S.Ct. at 2069.

In his motion Mills alleges that the Speedy Trial Act was not complied with because more than 70 days elapsed between the date of his initial appearance and the date of the original trial setting of December 17, 2001. See motion at page 7(b). In its response the government identifies a total of 60 days of excludable days during which time the running of the Speedy Trial Act was tolled. See government's response at pages 3-4 and 18 U.S.C. § 3161(h)(1)(F) and (J) and United States v. Calle, 120 F.3d 43, 45 (5th Cir. 1997).

In his reply Mills concedes that § 3161(h) excludes certain periods of delay in computing the time within which the trial must commence. However, he contends that the government's computation incorrectly excluded the period between November 1 and November 8, 2001. This argument is baseless since the District Court's order filed on October 31, 2001, was pursuant to Defendant's motion to extend the deadline for filing motions (Doc. 410).

The record further reflects that Defendant's counsel filed multiple motions (Document 407) on November 9, 2001, in accordance with the court's October 31, 2001, order (Documents 424, 425 and 426). The government filed its response on November 21 2001 (Document 448). The court did not rule on Defendant's motion for discovery until January 4, 2002) (Document 496). § 3161(h)(1)(F) expressly excludes such delays. Therefore, it is clear that less than 70 days elapsed from the date the Speedy Trial Act clock began until January 14, 2002, when Mills' trial commenced after the excluded periods set out in § 3161(h) are deducted. Therefore, any motion to dismiss under the Act would have been without merit. Therefore, there existed no arguable basis for filing such a motion.

Mills next complains of his counsel's alleged failure to hire an expert to examine telephone records and to trace and confirm the locations and the number of anhydrous ammonia tanks which were attributed to him. See motion at page 7(d). He suggests that had such an examination been made the number of tanks for which he was responsible would be substantially less than that contended by the government.

In order to sustain an ineffective assistance of counsel claim based upon a failure to investigate a habeas, movant must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. See United States v. Green, 882 F.2d 999,

3

1003 (5th Cir. 1989); see also Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002).

In the present case Mills presents nothing except his own speculation as to what conclusions an investigator would have made.[1]

The case law makes clear that a petitioner's personal belief or speculation with regard to the results of an investigative lead that was not pursued by counsel is insufficient to establish ineffective assistance. For example, as distinguished from Movant's claim for which he has tendered no expert opinion, in Wiggins v. Smith, 539 U.S. 510, 516-517, 123 S.Ct. 2527, 2532-33 (2003), the Court had before it post-conviction testimony of an expert witness, Hans Selvog, who opined that had investigative leads been pursued severe physical and sexual abuse of the petitioner would have been discovered. Accordingly Mills has failed to show any prejudice and his claim that his attorney failed to conduct an adequate investigation does not present a cognizable basis for relief. See also Ross v. Estelle. 694 F.2d 1008 at 1011-12 (5th Cir. 1983).

Movant next attacks his first appellate attorney's failure to raise a claim that Gordon Gammons, a prosecution witness, gave false testimony at trial after overhearing the testimony of Barbara Gail Oliver, after the rule (F.R.Evid. 615) had been invoked. See motion at pages 7(h)-(i). An attorney is not required to raise every non-frivolous point of error on appeal. Jones v. Barnes, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3312-13 (1983). See also Buckley v. Collins, 904 F.2d 263, 266 (5th Cir. 1990).

---

[1]Because the recommendation is made without an evidentiary hearing, the court addresses only the "prejudice" prong of the Strickland test since it is unknown whether Movant's counsel did or did not obtain the services of an investigator to examine phone records and/or whether there was any admissible evidence to raise an issue regarding the number of tanks for which Mills was responsible. A failure to establish either prong of the two-part test forecloses relief. Strickland at 696-97, 104 S.Ct. at 2069.

4

The issue of whether Gammons had inadvertently overheard Ms. Oliver's testimony despite invocation of the rule was raised in Movant's motion for new trial.  The District Court denied the motion, finding that he had failed to show that Gammons's testimony was false, that it had been improperly influenced, or that Mills had suffered any prejudice.  Absent a showing that these findings of fact were clearly erroneous any point of error predicated on the circumstances of Gammons's testimony would have bordered on the frivolous.  Moreover, in light of the other points raised, one of which resulted in a remand for resentencing, Mills has failed to establish ineffective assistance of counsel in his first appeal.

Finally, Mills claims his appellate counsel on the appeal following his resentencing by the District Court failed to argue that he had preserved error based upon the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Specifically he claims that in the attorney's letter brief to the Fifth Circuit following the Supreme Court's remand of his direct appeal for further review in light of the Booker decision, counsel failed to contend that Mills's pro se Allocution Affidavit, filed on April 2, 2002 ( Record, Document 606) asserted a Booker claim, i.e. that the District Court's determination of the amount of methamphetamine for which he was foreseeably responsible was not proven at trial.  He in turn argues that this omission resulted in the Fifth Circuit's application of a "plain error" analysis of his remanded Booker claim, rather than a "harmless error" analysis.  See motion at pages 7(m)-(n).  See e.g. United States v. Mares, 402 F.3d 511, 521 at n. 9 (5th Cir.) cert. denied ___ U.S. ___, 126 S.Ct. 43, reh. denied 126 S.Ct. 718 (2005).

In his initial appeal Mills did not raise a Booker claim, although he made objection inter alia to the amount of methamphetamine for which he was held responsible.  See United States v. Simpson, 334 F.3d 453, 459 (5th Cir. 2003).  Nor did he assert a Booker error in his brief filed

following his resentencing, which was affirmed by the Fifth Circuit in its opinion filed on May 26, 2004.[2] Therefore, an alleged error claiming that a Booker objection had been presented in the District Court would have been without merit. Indeed, in its May 16, 2005, opinion, supra, the Fifth Circuit held that no Booker related or Sixth Amendment issues were raised at his resentencing.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the motion be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant and counsel for the government.

SIGNED this 13th day of April, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2]Both of these opinions pre-dated the Supreme Court's decision in Booker A review of Movant's Allocution Affidavit, supra, discloses that it did not assert a Booker claim. Accord see United States v. Mares, supra, 402 F.3d at 512, n. 2 and 520.